**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VEX ROBOTICS, INC.,**<br><br>**Plaintiff/Counter-Defendant,**<br><br>**v.**<br><br>**ROBOTICS EDUCATION AND COMPETITION FOUNDATION, INC.,**<br><br>**Defendant/Counter-Plaintiff/Third-Party Plaintiff.** | § § § § § § § § § § § § | **CIVIL ACTION NO.** 26-cv-03117 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1454, Defendant/Counter-Plaintiff/Third-Party Plaintiff Robotics Education and Competition Foundation, Inc. ("RECF") files this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division. In support of this Notice, RECF shows the following:

## I. INTRODUCTION

1. On August 14, 2026, VEX Robotics, Inc. ("VEX") filed a countermotion (the "Countermotion") asking the state court – for the first time in this litigation – to enjoin RECF's use of its newly published game manuals on the ground that they copy and "substantially imitate" the protectable expression embodied in VEX's competition games. A claim seeking to prohibit the use of written works based on the alleged copying of protectable expression arises under the federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and the Countermotion cannot be adjudicated without interpreting and applying the Copyright Act. To grant or deny the relief VEX requests, a court must first determine whether the features VEX seeks to protect constitute protectable expression or unprotectable ideas, rules, systems, and methods of operation. 17 U.S.C. § 102(b).

2. Congress has committed such claims – and the determination they require – exclusively to the federal courts: "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to ... copyrights." 28 U.S.C. § 1338(a). 28 U.S.C. § 1454 specifically applies to this circumstance, allowing any party to remove a civil action asserting a claim arising under the Copyright Act without regard to the well-pleaded complaint rule. Until August 14, 2026, no pleading or paper in this case asserted a copyright claim or raised any federal question, and the case was not removable. VEX's Countermotion changed that. This Notice is filed within thirty days of the Countermotion and is timely. 28 U.S.C. § 1446(b)(3); Fed. R. Civ. P. 6(a)(1)(C). VEX has chosen to assert that RECF's game manuals appropriate protectable expression from VEX's games; under 28 U.S.C. §§ 1338(a) and 1454, that claim belongs exclusively in this Court, and RECF removes it accordingly.

## II. SUMMARY OF STATE PROCEEDING

3. On April 28, 2026, VEX filed a lawsuit against RECF in the 354th Judicial District Court of Hunt County, Texas.[1] VEX's Original Petition alleged claims for breach of contract, quantum meruit, and sworn account based on approximately $10.3 million in allegedly unpaid invoices for robotics products sold to RECF; VEX's Original Petition did not allege copyright claims, raise federal questions, or implicate federal law. The case as filed was not removable. As

---

[1] VEX is a Texas for-profit corporation and subsidiary of Innovation First International, Inc. ("IFI") that designs, manufactures, and sells robotics hardware, game materials, and competition games for elementary through university-level students. RECF is a Michigan 501(c)(3) nonprofit corporation whose mission is to promote STEM education through competitive robotics; RECF originated from VEX's education division in 2010 and, for more than sixteen years, organized and administered the robotics competitions for which VEX manufactured the hardware, managing approximately 30,000 teams and 200,000 students across more than 100 countries.

VEX demanded RECF wind down its Aerial Drone Competition, not supplied by VEX; RECF refused; VEX terminated the parties' longstanding relationship in May 2026; and this litigation ensued – encompassing claims and counterclaims related to unpaid invoices, the terms of the parties' separation, ownership and use of competition materials, and the parties' respective rights to operate competing robotics programs going forward. It now also includes federal copyright claims that can only be litigated in this Court, hence this removal.

described below, the copyright dispute giving rise to this removal did not enter the case until August 14, 2026. The case was assigned Cause Number 96313 (the "State Proceeding").

4. On May 19, 2026, VEX filed its First Amended Petition in the State Proceeding, expanding its claims by asserting claims against RECF for breach of contract, fraud, breach of fiduciary duty, trademark infringement and dilution under Texas Business and Commerce Code § 16.104, false designation of origin, and tortious interference, among other claims. The First Amended Petition did not allege copyright claims, raise federal questions, or implicate federal law. Like the Original Petition, it supplied no basis for federal jurisdiction – and no occasion for removal.

5. On May 20, 2026, RECF filed counterclaims against VEX and IFI. RECF's counterclaims did not allege copyright claims, raise federal questions, or implicate federal law. To that point, every claim in the case arose solely under Texas state law.

6. On May 29, 2026, the parties entered into an Agreed Temporary Injunction ("Agreed Temporary Injunction") that, among other things, enjoins RECF from "using VEX Competition Materials in promoting, managing, operating, or holding any RECF Competitions, or otherwise copying, using, referencing, or linking to such materials." Agreed Temporary Injunction, ¶ 14(b). The Agreed Temporary Injunction defines "VEX Competition Materials" as "those documents, manuals, instructions, or any other written work product associated with the VEX Competitions and prepared by the VEX Competitions Game Design Committee, whether such written work product was prepared in the past or may be prepared in the future … but does not include general game elements." *Id.*, ¶ 3.

7. The Agreed Temporary Injunction contemplates and expressly allows RECF to develop and use "independently developed manuals, rules, software, and materials." *Id.*, ¶ 14(e).

8. On August 11, 2026, RECF filed an Emergency Motion to Enforce the Agreed Temporary Injunction, alleging that VEX had violated certain provisions of the Agreed Injunction by restricting sales of competition field products to participants in RECF competitions.

9. On August 14, 2026, VEX filed (1) a Response to RECF's Motion to Enforce the Agreed Temporary Injunction and (2) a Countermotion to Enforce the Agreed Temporary Injunction. RECF received the Countermotion that same day. As shown below, the Countermotion is the first filing in this case to assert a claim for relief arising under federal law, and it is the "motion" or "other paper" from which removability first became ascertainable. 28 U.S.C. § 1446(b)(3).

10. In the Countermotion, VEX acknowledges RECF developed and released its own manuals following the Agreed Temporary Injunction. Countermotion at 3 ("Twelve days later, RECF released manuals for its own 2026–2027 games."); *id*. at 23 ("Twelve days later, RECF published two complete games with full manuals."). The Countermotion then, for the first time, seeks relief concerning RECF's new manuals. Specifically, VEX's Countermotion seeks an order requiring RECF to cease using its newly drafted game manuals, alleging that they "substantially imitate the VEX Competitions Game Design Committee's manuals." *Id*. at 4. VEX describes the alleged similarities as "a concentrated pattern of discretionary VEX scoring systems, match mechanics, robot specifications, and tournament structures," including "the exact 10-second controller-handoff window – from 0:35 to 0:25 remaining; the same progressive dropped-score schedule; the same six-match and eight-match event minimums; the same stop-time finals tiebreaker." Countermotion at 7, 21–22.

11. These new allegations go beyond copying of manuals and Texas Business and Commerce Code § 16.104, which is addressed by the Agreed Temporary Injunction. These new

allegations and effective claims for injunctive relief[2] concern game design, rules, scoring, and tournament mechanics; are directed at allegedly protectable expressions of VEX's games; and are governed exclusively by federal copyright law. *See* 17 U.S.C. §§ 101 *et seq*.; 28 U.S.C. § 1338(a). Going beyond enforcement of the Agreed Temporary Injunction or prosecution of the state-law claims asserted in its First Amended Petition, VEX's Countermotion presents a new, previously unpled dispute regarding allegedly protectable expressions of the game that turns on rights that arise, if at all, under and are governed exclusively by federal copyright law.

12. The injunctive relief VEX seeks in the Countermotion was not contemplated or granted by the Agreed Temporary Injunction. Indeed, the RECF game manuals challenged by the Countermotion had not even been created at the time of the Agreed Temporary Injunction, Countermotion at 3, 23, and thus there could not have been any dispute at that time about the RECF manuals. The Countermotion therefore seeks new injunctive relief that is substantively a request for relief under the Copyright Act, 17 U.S.C. § 101 *et seq*., or at minimum requires construction of the Copyright Act to adjudicate.

## III. TIMELINESS OF REMOVAL AND VENUE

13. VEX filed its Countermotion on August 14, 2026, and RECF received, or was served with, the Countermotion on that date. Thirty days after August 14, 2026 was September 13, 2026, a Sunday. Under Federal Rule of Civil Procedure 6(a)(1)(C), when the last day of a period falls on a Sunday, the period continues to run until the next business day. This Notice, filed on September 14, 2026, is therefore timely under 28 U.S.C. § 1446(b)(3).

[2] Among other requested relief, VEX's Countermotion seeks (a) a declaration that "RECF's continued use of the current RECF Tier Takeover and RECF Pinnacle manuals violates … and falls outside the independent-development permissions" of the Agreed Temporary Injunction; (b) an order that "RECF to cease publishing, distributing, and using [RECF's new] manuals to promote, manage, operate, or hold [RECF's Tier Takeover and Pinnacle game] competitions until the copying and substantial imitation is removed"; and (c) an order requiring that RECF provide "written certification of compliance." Countermotion at 24.

14. RECF files this Notice of Removal in the Northern District of Texas, Dallas Division, as this Court is within the district and division embracing the place in which the state court action was pending. Hunt County, Texas is within the Dallas Division of the Northern District of Texas. *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 124(a)(1).

## IV. BASIS FOR JURISDICTION

15. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and removal is proper pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1454.

### ***A. The Countermotion Is a "Motion" or "Other Paper" for Removal Purposes.***

16. The Countermotion should be treated as a "motion" or "other paper" from which removal jurisdiction first became ascertainable for purposes of 28 U.S.C. § 1446(b)(3). Although styled as a motion to enforce the Agreed Temporary Injunction, the Countermotion requests new injunctive relief not contemplated in the Agreed Injunction.

17. Specifically, the Countermotion alleges, for the first time, that RECF's Tier Takeover and Pinnacle games copy VEX's Level Up and Override games. *See supra* ¶ 10; Countermotion at 21–22 (citing a new Declaration of Bailey Kahl, a VEX engineer, attached to the Countermotion as Exhibit A). Based on these allegations, VEX asks the state court to grant new injunctive relief forbidding RECF from using its game manuals and, in effect, from operating its Tier Takeover and Pinnacle games. *See* Countermotion at 24. An order granting that relief would be a new order, separate from the Agreed Injunction. *See id.* (requesting, *inter alia*, an order that "RECF to cease publishing, distributing, and using [RECF's new] manuals to promote, manage, operate, or hold [RECF's Tier Takeover and Pinnacle game] competitions until the copying and substantial imitation is removed").

18. Because the Countermotion requests injunctive relief based on VEX's asserted copyright in the protectable expression embodied in the VEX games (Level Up and Override), it is a pleading asserting a new cause of action. 28 U.S.C. § 1446(b)(3).

### *B. This Court Has Exclusive Jurisdiction over Claims Relating to Copyrights.*

19. Under 28 U.S.C. § 1338(a), "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to … copyrights" and "[n]o State court shall have jurisdiction over any [such] claim." Accordingly, "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to … copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a).

> An action 'arises under' the Copyright Act if ... the complaint is for a remedy expressly granted by the Act ... or, at the very least ... presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)); *see KaZee, Inc. v. Callender*, No. 4:19-CV-31-SDJ, 2020 WL 994832, at *3, n.4 (E.D. Tex. Mar. 2, 2020) (explaining the Fifth Circuit has adopted the *T.B. Harms* test "and applied it accordingly" and collecting cases); *cf. Donahue v. Tokyo Electron America, Inc.*, 42 F. Supp. 3d 829, 834 (W.D. Tex. 2014) (explaining, under Section 1454(a), "a defendant with a … copyright counterclaim is no longer bound by a plaintiff's well-pleaded state law complaint to litigate in state court.").

### *C. The Countermotion Arises Under the Copyright Act and Thus Is Removable.*

20. The relief VEX seeks in the Countermotion requires adjudication of issues arising under the Copyright Act. The Countermotion asserts a claim for relief arising under the Copyright Act because it seeks to prevent RECF from using manuals based on alleged copying or substantial

imitation of game-design choices, scoring systems, match mechanics, robot specifications, and tournament structures. *See supra* ¶ 10. These allegations are directed at the reproduction and copying of allegedly protectable expression of the VEX games, which are rights governed exclusively by federal copyright law. *See* 17 U.S.C. § 101 *et seq*.; 28 U.S.C. § 1338(a).

21. Through its Countermotion, VEX seeks injunctive relief based on the alleged copying of protectable expression embodied in its games. Such rights arise, if at all, under the Copyright Act. *See* 17 U.S.C. § 502 (authorizing courts to grant injunctions "to prevent or restrain infringement of a copyright"). Even if the Countermotion is viewed as seeking contractual enforcement of the Agreed Injunction, adjudicating the relief VEX seeks nevertheless requires distinguishing protectable expression from unprotectable ideas, systems, procedures, methods of operation, rules, and game mechanics – a determination governed exclusively by the Copyright Act.[3] *See* 17 U.S.C. § 102(b); 28 U.S.C. § 1338(a); *Goodman v. Lee*, 815 F.2d at 1031; *T.B. Harms*, 339 F.2d at 828.

22. Indeed, VEX's position presents a binary choice. If VEX contends that RECF appropriated protectable expression embodied in VEX's games, then VEX necessarily asserts rights governed by the Copyright Act, and resolving the Countermotion requires distinguishing copyrightable expression from unprotectable ideas, systems, procedures, methods of operation, and game mechanics. Federal courts possess exclusive jurisdiction over such claims. 28 U.S.C. § 1338(a). If instead VEX complains only that RECF adopted similar gameplay concepts, scoring

[3] *See supra* n.2 (citing VEX's new request for a declaration, effective injunctive relief, and other relief implicating the Copyright Act); *see Team Express Distrib. LLC v. Junction Sols., Inc*., No. 5:15-CV-994-DAE, 2016 WL 3081020, at *2 (W.D. Tex. May 31, 2016) ("Junction seeks a declaration of such infringement, an order permanently enjoining Team Express from continued acts of infringement, destruction of any material violating Junction's copyright, and compensatory damages. These allegations are sufficient to allege a claim "arising under" the Copyright Act, 17 U.S.C. § 101, *et seq*.; accordingly, this counterclaim falls squarely within the exception to the well-pleaded complaint rule created by 28 U.S.C. § 1454(a), and the Court has jurisdiction over the case on the basis of the counterclaim for copyright infringement.") (internal citations removed).

methods, tournament structures, robot specifications, competitive objectives, or other functional aspects of the games, then those features are not protected by copyright and cannot support the relief sought.

23. Either way, VEX's claims necessarily raise issues of federal copyright law because determining whether VEX holds protectable rights in the competition rules, game designs, and scoring systems at issue in the Countermotion, *see supra* ¶¶ 10, 20, requires applying 17 U.S.C. § 102(b)'s exclusions for ideas, procedures, processes, systems, and methods of operation – an analysis that falls within the exclusive jurisdiction of the federal courts. *See* 17 U.S.C. § 102(b) (providing that "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work"); *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1341-47 (5th Cir. 1994) (holding that claims based on alleged copying of technical manuals require separating protectable expression from unprotectable ideas, processes, systems, methods of operation, and functional constraints under § 102(b));[4] *DaVinci Editrice S.R.L. v. Ziko Games, LLC*, 183 F. Supp. 3d 820, 829-34 (S.D. Tex. 2016) (holding that game rules, mechanics, scoring systems, and functional gameplay elements are unprotectable under § 102(b)).[5] Either VEX seeks to protect copyrightable

---

[4] *Engineering Dynamics* confirms that claims involving rights in technical documentation, instructional materials, and functional works require resolution under the Copyright Act's abstraction-filtration-comparison framework. There, the Fifth Circuit applied 17 U.S.C. § 102(b) to separate protectable expression from unprotectable "ideas, processes, systems, methods of operation, and functional constraints," holding that only the former is eligible for copyright protection. 26 F.3d at 1341–47. As in *DaVinci Editrice*, *see infra* n.5, the necessity of conducting this analysis – filtering out unprotectable functional elements under Section 102(b) before any claim of infringement can be sustained – demonstrates that VEX's claims arise under the Copyright Act and must be resolved in federal court. *See* 28 U.S.C. § 1338(a).

[5] *DaVinci Editrice* confirms that claims involving rights in game rules, scoring systems, and functional gameplay elements require resolution under the Copyright Act. There, the court applied 17 U.S.C. § 102(b) to hold that such elements are unprotectable because they constitute "idea, procedure, process, system, [or] method of operation" within the meaning of the statute. 183 F. Supp. 3d at 829-34. The necessity of conducting this analysis – separating protectable

expression, in which case federal copyright law governs, or it seeks to protect game mechanics and functional systems, in which case no such protection exists. It cannot obtain copyright-type relief while avoiding the federal law that defines the existence and scope of the rights it seeks to enforce.

24. Accordingly, regardless of how VEX characterizes its theory, its attempt to extend the Agreed Temporary Injunction from a prohibition on copying written materials to a prohibition on RECF's independently developed competition games presents a new and distinct claim. That claim necessarily turns on the existence and scope of rights governed by federal copyright law and is therefore properly removable. *See also* 28 U.S.C. § 1454. Simply put, the Countermotion cannot be adjudicated – whether the relief it seeks is granted or denied – without construing and applying the Copyright Act, and Congress has vested jurisdiction over that adjudication exclusively in the federal courts. 28 U.S.C. § 1338(a).

### *D. The Court has Supplemental Jurisdiction over the Remaining State Court Claims.*

25. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining state-law claims asserted in this case.[6] Section 1367(a) provides that district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims satisfy this standard when they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Here, all of the state-law claims – including VEX's claims for breach of contract, fraud, breach of

expression from unprotectable functional elements under Section 102(b) – further confirms that VEX's claims cannot be resolved without applying the Copyright Act and thus must be resolved here. *See* 28 U.S.C. § 1338(a).

[6] Section 1454(d) confirms the propriety of supplemental jurisdiction in this context, providing that the Court may retain claims within its supplemental jurisdiction under § 1367 when an action is removed under Section 1454. *See* 28 U.S.C. § 1454(d)(2).

fiduciary duty, trademark infringement and dilution, false designation of origin, and tortious interference, as well as RECF's counterclaims – arise from the same common nucleus of operative fact as VEX's copyright claims asserted in the Countermotion: the business divorce between VEX and RECF and the disputes that have arisen as the parties attempt to carry on their separate 2026–27 robotic competition seasons. While the new federal copyright claims are required to be adjudicated here, they and the state-law claims involve overlapping facts concerning the parties' relationship; the termination of that relationship; ownership and use of competition materials; the parties' respective rights to operate competing robotics programs; and their conduct, rights, and responsibilities going forward. Accordingly, supplemental jurisdiction is proper.

## V. NOTICE TO STATE COURT AND OPPOSING PARTIES

26. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders relating to this case previously filed with the 354th Judicial District Court of Hunt County, Texas, are attached in an Appendix to this Notice of Removal, filed contemporaneously herewith, and incorporated herein by reference.

27. Pursuant to Local Rule 81.1 of the Northern District of Texas, a list of information required by that Rule is in the Appendix to this Notice of Removal and is incorporated herein by reference.

28. Pursuant to 28 U.S.C. § 1446(d), RECF is filing written notice of the removal of this action, together with a copy of this Notice of Removal, with the Clerk of the 354th Judicial District Court of Hunt County, Texas, and serving the notice on all parties.

## VI. CONCLUSION

WHEREFORE, RECF removes this action from the 354th Judicial District Court of Hunt County, Texas, to the United States District Court for the Northern District of Texas, Dallas

Division, and requests that this Court assume full jurisdiction of this case as provided by law. RECF further prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Joseph A. Fischer, III*

Joseph A. Fischer, III
State Bar No. 00789292
tfischer@jw.com
Justin V. Lee
State Bar No. 24097982
jlee@jw.com
Maggie I. Burreson
State Bar No. 24116150
mburreson@jw.com

Jackson Walker LLP
2323 Ross Avenue
Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 661-6828

**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF ROBOTICS EDUCATION AND COMPETITION FOUNDATION, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Joseph A. Fischer, III*
Joseph A. Fischer, III