**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VEX ROBOTICS, INC.,** *Plaintiff/Counter-Defendant,* | § | |
| **v.** | § | |
| **ROBOTICS EDUCATION AND COMPETITION FOUNDATION, INC.,** *Defendant/Counter-Plaintiff/Third-Party Plaintiff,* | § | **CIVIL ACTION NO. 3:26-cv-03117-S** |
| **v.** | § | |
| **INNOVATION FIRST INTERNATIONAL, INC.,** *Third-Party Defendant.* | § | |

**Plaintiff VEX Robotics, Inc.'s and Third-Party Defendant Innovation First International, Inc.'s Expedited Motion to Remand and Brief in Support**

Joel E. Geary
State Bar No. 24002129
jgeary@wslawpc.com
James M. Welch
State Bar No. 00785210
jwelch@wslawpc.com
Grant B. Stock
State Bar No. 24033240
gstock@wslawpc.com
Matthew P. Lindner
State Bar No. 24098001
mlindner@wslawpc.com
WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC
1717 Main Street, Suite 2500
Dallas, Texas 75201
214/979-7400 telephone
214/979-7402 facsimile

George Ivan Alexander
State Bar No. 00992600
george@curtisalexander.net
CURTIS & ALEXANDER, PC
2708 Washington Street
P.O. Box 1274
Greenville, Texas 75403
903/455-8113 telephone
903/454-3371 facsimile

*Attorneys for Plaintiff/Counter-Defendant VEX Robotics, Inc. and Innovation First International, Inc.*

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT .......... 1
II. BACKGROUND .......... 3
A. The State Court Action .......... 3
B. The Agreed Temporary Injunction .......... 5
C. The Manuals Dispute and the Paragraph 22 Process .......... 7
D. The Cross-Motions to Enforce and the August 17 Hearing .......... 8
E. The Scheduling Dispute and the Removal .......... 10
III. ARGUMENT AND AUTHORITIES .......... 11
A. RECF Bears the Burden of Demonstrating Federal Jurisdiction, and Doubts are Resolved in Favor of Remand .......... 11
B. No Claim in This Action Arises Under the Copyright Act. .......... 12
1. Section 1454 requires an actual claim for relief under the Copyright Act in an operative pleading, and no party has asserted one .......... 12
2. The Countermotion does not arise under the Copyright Act .......... 14
a. Copyright law is not raised because the Injunction supplies the governing standard .......... 15
b. The asserted federal issue is not substantial. .......... 18
c. Federal adjudication would disrupt the federal-state balance. .......... 19
3. RECF's authorities involve pleaded copyright claims .......... 20
C. RECF's Own Conduct Independently Requires Remand. .......... 21
1. RECF waived removal by seeking a merits ruling on the Countermotion in state court .......... 21
D. The Court Should Expedite Its Consideration of This Motion .......... 23
IV. CONCLUSION AND PRAYER .......... 25

## TABLE OF AUTHORITIES

### Cases

*Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*,
155 F.4th 456 (5th Cir. 2025) ..... 22,23

*Addo v. Globe Life & Accident Ins. Co.*,
230 F.3d 759 (5th Cir. 2000) ..... 21

*Alcatel USA, Inc. v. DGI Techs., Inc.*,
166 F.3d 772 (5th Cir. 1999) ..... 20

*Beighley v. FDIC*,
868 F.2d 776 (5th Cir. 1989) ..... 22

*Brown v. Demco, Inc.*,
792 F.2d 478 (5th Cir. 1986) ..... 22

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987) ..... 12,14,15

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988) ..... 17

*DaVinci Editrice S.R.L. v. Ziko Games, LLC*,
183 F. Supp. 3d 820 (S.D. Tex. 2016) ..... 21

*Donahue v. Tokyo Electron Am., Inc.*,
42 F. Supp. 3d 829 (W.D. Tex. 2014) ..... 21

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
547 U.S. 677 (2006) ..... 14,19

*Energy Mgmt. Servs., LLC v. City of Alexandria*,
739 F.3d 255 (5th Cir. 2014) ..... 12

*Engineering Dynamics, Inc. v. Structural Software, Inc.*,
26 F.3d 1335 (5th Cir. 1994) ..... 21

*GlobeRanger Corp. v. Software AG*,
691 F.3d 702 (5th Cir. 2012) ..... 20

*Goodman v. Lee*,
815 F.2d 1030 (5th Cir. 1987) ....................15,20

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005) ....................15,19

*Granny Goose Foods, Inc. v. Bhd. of Teamsters Local 70*, 415 U.S. 423 (1974) ....................25

*Gulf Ins. Co. v. Burns Motors, Inc.*,
22 S.W.3d 417 (Tex. 2000) ....................15

*Gunn v. Minton*,
568 U.S. 251 (2013) ....................11,14,17,18

*Henry v. AZPI Transp. Corp.*,
No. 3:25-CV-3401-S (N.D. Tex. Dec. 15, 2025) ....................12,24

*Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*,
535 U.S. 826 (2002) ....................5,13

*Intellisoft, Ltd. v. Acer Am. Corp.*,
955 F.3d 927 (Fed. Cir. 2020) ....................13

*Johnson v. Heublein, Inc.*,
227 F.3d 236 (5th Cir. 2000) ....................22

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ....................23

*Manguno v. Prudential Prop. & Cas. Ins. Co.*,
276 F.3d 720 (5th Cir. 2002) ....................12

*Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*,
422 F. App'x 344 (5th Cir. 2011) ....................20

*Rosenthal v. Coates*,
148 U.S. 142 (1893) ....................22,24

*Syngenta Crop Prot., Inc. v. Henson*,
537 U.S. 28 (2002) ....................12

*T.B. Harms Co. v. Eliscu*,
339 F.2d 823 (2d Cir. 1964) ....................15

*Taquino v. Teledyne Monarch Rubber*,
893 F.2d 1488 (5th Cir. 1990) ....................16,20

*Team Express Distrib. LLC v. Junction Sols., Inc.*,
No. 5:15-CV-994-DAE, 2016 WL 3081020 (W.D. Tex. May 31, 2016) ....................21

*Tedford v. Warner-Lambert Co.*,
327 F.3d 423 (5th Cir. 2003) ....................22

*Vaden v. Discover Bank*,
556 U.S. 49 (2009) ....................12

*Vermont v. MPHJ Tech. Invs., LLC*,
803 F.3d 635 (Fed. Cir. 2015) ....................13

**Statutes**

15 U.S.C. § 1125(a) ....................5
17 U.S.C. § 102(b) ....................16,21
17 U.S.C. § 106 ....................20
28 U.S.C. § 1331 ....................15,20
28 U.S.C. § 1338(a) ....................15.17
28 U.S.C. § 1367(c) ....................25
28 U.S.C. § 1441(a) ....................5,12
28 U.S.C. § 1446 ....................4,11
28 U.S.C. § 1447(c) ....................1,3,4,12,25
28 U.S.C. § 1450 ....................28
28 U.S.C. § 1454 ....................3,5,13,14,25
TEX. GOV'T CODE § 21.001(a) ....................20

**Rules**

Fed. R. Civ. P. 7(a), 7(b)(1) ....................13,14
N.D. Tex. LR 7.1(e), (f) ....................23
N.D. Tex. LR 83.1 ....................23
Tex. R. Civ. P. 45, 47 ....................13
Tex. R. Civ. P. 692 ....................19

## USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

*Portions of this brief were prepared with the assistance of generative artificial intelligence. Counsel has reviewed the brief in its entirety and has independently verified its factual assertions and legal citations.*

Plaintiff/Counter-Defendant VEX Robotics, Inc. ("VEX") and Third-Party Defendant Innovation First International, Inc. ("IFI") move under 28 U.S.C. § 1447(c) to remand this action to the 354th Judicial District Court of Hunt County, Texas, request expedited consideration of this motion, and request an award of the fees and costs incurred as a result of the removal by Robotics Education and Competition Foundation, Inc. ("RECF"), the Defendant, Counter-Plaintiff, and Third-Party Plainti**ff.**

## I. PRELIMINARY STATEMENT

This is a Texas lawsuit about a Texas business relationship. On April 28, 2026, VEX sued RECF in Hunt County for more than $10 million in unpaid invoices and for fraud, breach of fiduciary duty, and related wrongs under Texas law arising from the end of a sixteen-year relationship. On May 29, 2026, the state court entered an Agreed Temporary Injunction ("the Injunction") negotiated by the parties. When a dispute arose over compliance with the Injunction, the parties followed the notice-and-cure procedure written into paragraph 22 of the Injunction and then took cross-motions to enforce it to the state court, which heard them on August 17, 2026.

RECF now says that one of those motions, VEX's Countermotion to Enforce the Agreed Temporary Injunction, contains a federal copyright claim that only this Court may hear. It does not. No party has pleaded a claim under the Copyright Act. VEX's Countermotion asked the state district court to enforce a provision of the Injunction

prohibiting RECF from using VEX's educational robotics game manuals when designing its own games, applying definitions the parties themselves wrote: "VEX Competition Materials," "general game elements," "unique," and "copy, reproduce, substantially imitate, or intentionally replicate." Those are the terms of an agreed order, construed under Texas law, and the state court does not need the Copyright Act to apply them.

RECF knew this. When VEX filed the Countermotion on August 14, RECF responded to it in state court on the merits. RECF's verified response argued the Injunction's text, invoked the Texas Rules of Civil Procedure, and asked the state court to deny the Countermotion "outright." RECF tendered a proposed order denying the Countermotion. RECF argued against the Countermotion at the August 17 hearing, told the state court that the Countermotion required "discovery and expert testimony," and asked the state court to "continue the hearing on the counter-motion" to "a later date where we can have witnesses." On August 21, the state court denied RECF's own motion "in its entirety," ordered the parties "to get a continuation hearing set on VEX's Countermotion," and confirmed that it "retains jurisdiction to enforce" the Injunction. RECF then asked for a hearing date in November. Not one of those filings or statements mentioned the Copyright Act, federal jurisdiction, or removal.

What changed was the calendar. RECF sought a November continuation hearing on the Countermotion so that it could take discovery. VEX opposed delaying the continued hearing on its Countermotion for another two months and requested a September hearing date. The state court, agreeing with VEX, set the hearing for September 18, 2026, at 2:30 p.m. Seeking to circumvent the hearing, RECF filed its Notice

of Removal on September 14, 2026, four days before that hearing and on the last day of the thirty-day removal window RECF computed from its distorted "federal copyright" construction of the Countermotion.

The Court should remand. A dispute over the enforcement of an agreed injunction in a state court action involving only state law claims does not "arise under" the Copyright Act merely because copyright vocabulary hovers nearby. 28 U.S.C. § 1454 does not change that analysis; it requires that a party actually assert a "claim for relief arising under" the Copyright Act in an operative pleading, and neither party has. RECF's own conduct supplies alternative grounds for remand as well: RECF's pursuit of a merits ruling on the Countermotion in state court waived any right to remove. Because RECF lacked an objectively reasonable basis for removal, VEX and IFI also request their fees and costs under § 1447(c). And because a robotics competition season is underway and a hearing has been displaced, VEX and IFI ask the Court to expedite its consideration of the Motion to Remand.

## II. BACKGROUND

### A. The State Court Action

VEX designs, manufactures, and sells educational robotics hardware and conducts robotics competitions for school teams around the globe. RECF, a Michigan nonprofit corporation based in Greenville, Texas, was launched by VEX and administered the VEX competitions for approximately sixteen years. The relationship formally ended in May 2026. VEX's First Amended Petition, ¶¶ 30-32, Appendix in Support of Expedited Motion to Remand 27-28 (hereinafter "Appendix").

On April 28, 2026, VEX sued RECF in the 354th Judicial District Court of Hunt County, Texas, Cause No. 96313, for breach of contract, quantum meruit, and sworn account on approximately $10.3 million in unpaid invoices. Original Petition, Appendix 1-13. On May 19, 2026, VEX filed its First Amended Petition, adding Texas-law claims for fraud, breach of fiduciary duty, unfair competition, trademark dilution under the Texas Business and Commerce Code, false designation of origin under Texas common law, and tortious interference, and a request for declaratory relief under the Texas Declaratory Judgments Act, together with an application for a temporary restraining order and temporary injunction. Appendix 2-14. Every claim was pleaded under Texas law, as RECF concedes. Notice of Removal, ¶¶ 3–4, ECF No. 1. RECF concedes that VEX's First Amended Petition, including its request for declaratory relief under the Texas Declaratory Judgments Act, "did not allege copyright claims, raise federal questions, or implicate federal law." Notice ¶ 4. RECF cannot now retreat from that concession. The First Amended Petition was filed and served electronically on May 19, 2026, so a removal premised on it would have been due within thirty days of that service, 28 U.S.C. § 1446(b)(3), a period that expired on June 18, 2026.

On May 20, 2026, RECF filed counterclaims against VEX and a third-party petition against IFI. RECF's Counterclaims and Third-Party Petition, Appendix 80-163. RECF's Notice tells this Court that those counterclaims "did not allege copyright claims, raise federal questions, or implicate federal law" and that, as of that date, "every claim in the case arose solely under Texas state law." Notice ¶ 5. That statement is inaccurate. Count Eight of RECF's counterclaim is a claim for false designation of origin under Section 43(a)

of the Lanham Act, 15 U.S.C. § 1125(a). Appendix 108-110 (Counterclaim ¶¶ 107–115). RECF pleaded that federal claim in state court, which has concurrent jurisdiction over it, and it could not have supported removal: a counterclaim cannot support removal under 28 U.S.C. § 1441, *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002), and 28 U.S.C. § 1454 reaches only patent, plant variety, and copyright claims. The point is narrower: RECF's account of the state court record cannot be taken at face value.

**B. The Agreed Temporary Injunction**

On May 29, 2026, the state court entered an Agreed Temporary Injunction negotiated by the parties (the "Injunction"). Agreed Temporary Injunction, Appendix 167-191. The Injunction recites that it was entered "at the request of the Parties" to "preserve the status quo" and that it "is not a final adjudication of the merits." Injunction ¶¶ 12–13. IFI "consent[ed] and agree[d] to be bound to the same extent as VEX." A key aspect of the Injunction was an acknowledgement that RECF could put on separate and independent educational robotics competitions, so long as its competitions did not mimic the VEX Competitions. This was important to VEX because it has been sponsoring the VEX Competitions for decades, has invested tens of millions of dollars in them, and has over 30,000 teams participating in them. VEX was concerned that if RECF were allowed to design competitions that "looked and smelled" like a VEX competition (using the same rules, designs, robot sizes, game elements, and game fields), VEX teams might migrate to RECF – damaging VEX financially. To avoid this prospect, VEX negotiated a prohibition against RECF using VEX's competition materials to design its own games. The parties

defined the key terms of this prohibition in the Injunction. "VEX Competition Materials" means "those documents, manuals, instructions, or any other written work product associated with the VEX Competitions and prepared by the VEX Competitions Game Design Committee," past or future, "but does not include general game elements." *Id.* ¶ 9. RECF is enjoined from "[u]sing VEX Competition Materials in promoting, managing, operating, or holding any RECF Competitions or otherwise copying, using, referencing, or linking to such materials," except as the Injunction itself allows. *Id.* ¶ 14(b). RECF remains free to develop its own competitions and materials independently and in good faith," "provided that RECF does not copy, reproduce, substantially imitate, or intentionally replicate unique VEX Competition Materials." *Id.* ¶ 19(c); *see id.* ¶ 19(d). And "the mere resemblance of independently developed RECF materials to items listed in Schedules 1-4 shall not, standing alone, constitute copying, reproduction, substantial imitation, or intentional replication." *Id.* ¶ 19(i).

The parties also agreed on how compliance disputes would be handled. Paragraph 22 provides that "[t]he Court may enforce this Injunction by contempt or such other relief as the Court deems appropriate"; that a complaining party must give written notice of an alleged violation and five business days to cure; and that if the violation is not cured, "the complaining Party may apply to the Court for enforcement, and, in addition to any remedies authorized by the Texas Rules of Civil Procedure, the Court may award reasonable and necessary attorneys' fees incurred in connection with any successful enforcement proceeding." *Id.* ¶ 22. "The Court" is the 354th Judicial District Court, Hunt County, Texas.

**C. The Manuals Dispute and the Paragraph 22 Process**

Twelve days after the Injunction was entered, RECF published manuals for two new educational robotics competitions, "Tier Takeover" and "Pinnacle." Notice ¶ 10. VEX's counsel raised the manuals' similarity to the VEX Game Design Committee's manuals in a call with RECF's counsel on June 19, 2026. On August 5, 2026, VEX sent RECF written notice under paragraph 22 of the Injunction of RECF's alleged violations, including that RECF's Tier Takeover and Pinnacle manuals "copy and substantially imitate unique VEX Competition Materials" through "distinctive rule organization and formulations, scoring descriptions, and the selection and arrangement of competition-administration content," and demanded that RECF withdraw them. August 5, 2026, Letter, Appendix 193-199.

RECF's counsel responded on August 11, 2026, with a six-page letter. August 11, 2026, Letter, Appendix 201-206. The letter argued that "[t]he Injunction's text forecloses most of Item A" by walking through paragraph 3's exclusion of "general game elements," the "unique" qualifier in paragraphs 19(c) and 19(d), and paragraph 19(i)'s "mere resemblance" provision. *Id.* at 2. It argued that RECF's manuals "were started from blank, newly created documents," that the parties had shared manual authors for years, and that the similarities VEX identified reflected "engineering convergence, not copying." *Id.* at 2–3. It declined VEX's demand to withdraw the manuals. *Id.* at 4. It said nothing about the Copyright Act, federal jurisdiction, or removal. Its only reference to intellectual property was a reservation that "ultimate IP ownership rights remain reserved for final resolution in this case," *Id.* at 3, meaning the state court case.

**D. The Cross-Motions to Enforce and the August 17 Hearing**

Meanwhile, RECF filed its own Emergency Motion to Enforce the Injunction in state court on August 10, 2026, accusing VEX of violating the Injunction by restricting sales of certain products, and obtained a hearing setting for Monday, August 17, 2026. RECF's Emergency Motion to Enforce the Agreed Temporary Injunction, Appendix 208-317; Notice of Hearing, Appendix 319-321. On Friday, August 14, 2026, VEX filed its Response to RECF's motion and its *own* Countermotion to Enforce the Agreed Temporary Injunction (the "Countermotion"). VEX's (1) Response to RECF's Motion to Enforce Agreed Injunction and (2) Countermotion to Enforce Injunction Against RECF, Appendix 323-924. It asked the state court to declare that RECF's continued use of the Tier Takeover and Pinnacle manuals violated the Injunction and fell outside its independent-development provisions, to order RECF to cease using those manuals "until the copying and substantial imitation is removed," and to require a certification of compliance. Countermotion at 24. The Countermotion did not plead a cause of action under the Copyright Act, did not seek any remedy the Copyright Act provides, and invokes only the Injunction, and the state court's power to enforce its own orders.

On Monday, August 17, 2026, RECF filed its Verified Preliminary Response to the Countermotion, verified by RECF's Vice President of Programs, together with a proposed "Order Denying VEX Robotics, Inc.'s Countermotion to Enforce Injunction." RECF's Verified Preliminary Response to VEX's Countermotion, Appendix 904-924; Proposed Order, Appendix 926. The Response opposed the Countermotion on its merits. It argued that "[t]he Injunction Requires More Than a Showing of Similarity," quoting Injunction

paragraphs 3, 19(c), 19(d), and 19(i). RECF Response at 3, Appendix 906. It argued that the Countermotion sought affirmative injunctive relief that required an evidentiary hearing, live testimony, and a bond, invoking Texas Rules of Civil Procedure 683 and 684. *Id.* at 7–8. It told the state court that "RECF will prove these facts at the appropriate time, on a full record, with witnesses VEX may cross-examine." *Id.* at 4. And it asked the state court to "deny [VEX's Countermotion] outright as, at best, premature," or to "set the Countermotion for its own hearing, after providing a reasonable opportunity for discovery." *Id.* at 9. RECF's proposed order would have had the state court find, after considering "the competent evidence" and "the applicable law," that "the Countermotion should be and is hereby DENIED." Proposed Order, Appendix 926. Neither document mentioned the Copyright Act or federal jurisdiction.

The hearing proceeded on both motions. Aug. 17, 2026, Hearing on Motions Transcript ("Tr.") 4:5–13. VEX called Bailey Kahl, a member of the VEX Game Design Committee, who compared the two sets of game manuals rule by rule. Tr. 17:15–49:12. RECF did not cross-examine him. Tr. 49:13–50:8. Instead, RECF's counsel objected to any ruling on the Countermotion on the ground that the questions it raised were "fact intensive, disputed," would require "discovery and expert testimony," and were "hypertechnical." Tr. 49:24–50:8, 57:5–8, 58:14–16. He argued the merits from the Injunction's text. Tr. 58:4–16, 61:9–20, 63:21–24. He told the court that RECF "would welcome the opportunity to continue the hearing on the counter-motion and fully flush this out at a later date where we can have witnesses," and asked for time "to cross-examine this witness" at that later date. Tr. 52:4–9, 58:18–22, 59:9–11. And he told the

court that the copying issue "was first brought to our attention in a response to our cure notice that we sent to VEX," that is, in VEX's August 5 letter. Tr. 51:3–5; *see* Tr. 56:19–21. No one at the hearing mentioned the Copyright Act, federal law, or federal jurisdiction. The state court took both motions under advisement, stating that it would "read all of it before I give a ruling." Tr. 52:1–2. On August 21, 2026, the state court signed an order providing that RECF's motion "is DENIED in its entirety." August 21 Order, Appendix 930-932. The court did not rule on VEX's Countermotion. Instead, it added in the court's hand: "Parties are ORDERED to get a continuation hearing set on VEX's Countermotion." *Id.* The August 21 Order also provides that "[t]he Injunction remains in full force and effect, and the Court retains jurisdiction to enforce both the Injunction and this Order." *Id.*

**E. The Scheduling Dispute and the Removal**

After the August 21 Order, RECF's counsel asked whether the Countermotion could be heard on Monday, September 21, 2026, and asked VEX's counsel to inquire with the Court of its availability. VEX obtained the state court's available dates: September 18, 2026 at 2:30 p.m., and, failing that, sometime in November 2026. RECF objected to September 18 and asked for the November date so that the parties could take discovery, as well as noting one of their many attorneys' unavailability. VEX opposed a November setting, by which time the 2026–2027 competition season would be roughly two-thirds complete and RECF would have collected its season registration fees for competition based on a game the injunction clearly prohibits. Despite RECF's objections, the state

court set the hearing for September 18, 2026, at 2:30 p.m. Notice of Hearing, Appendix 934.

On September 14, 2026, thirty-one calendar days after the Countermotion was filed and four days before the hearing, RECF filed its Notice of Removal. RECF attached the August 21 Order to its removal papers, but the Notice's account of the state court proceedings does not mention the August 17 hearing, the August 21 Order, or the state court's directive that the parties set a continuation hearing on the Countermotion. The Notice does not contend that any pleading asserts a copyright claim. It contends that VEX's Countermotion, a motion to enforce the state court's own order, is a "motion" or "other paper" under § 1446(b)(3) that "effective[ly]" asserts a claim under the Copyright Act, because the state court cannot decide whether RECF's manuals "substantially imitate" VEX's without "distinguishing protectable expression from unprotectable ideas." Notice ¶¶ 1, 11, 16–24. Because § 1446(d) provides that after removal, "the State court shall proceed no further unless and until the case is remanded," the September 18 hearing cannot go forward.

## III. ARGUMENT AND AUTHORITIES

### A. RECF Bears the Burden of Demonstrating Federal Jurisdiction, and Doubts Are Resolved in Favor of Remand.

Federal courts "are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation omitted). "A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the

contrary." *Henry v. AZPI Transp. Corp.*, No. 3:25-CV-3401-S, slip op. at 1 (N.D. Tex. Dec. 15, 2025) (Scholer, J.) (citing *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014)). Removal is "entirely a creature of statute," and "a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quotation omitted). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper," and "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Defects other than subject-matter jurisdiction, including untimeliness, must be raised within thirty days of the notice of removal. *Id.* This Motion for Remand, filed within days of the Notice, raises both.

**B. No Claim in This Action Arises Under the Copyright Act.**

**1. Section 1454 requires an actual claim for relief under the Copyright Act in an operative pleading, and no party has asserted one.**

RECF removed under 28 U.S.C. §§ 1441(a) and 1454. Notice ¶ 15. Section 1441(a) is governed by the well-pleaded complaint rule: removal is proper only if the plaintiff's own complaint establishes federal jurisdiction. "Federal jurisdiction cannot be predicated on an actual or anticipated defense," and "[n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (plaintiff is "the master of the claim").

VEX's live pleading, the First Amended Petition, asserts only Texas-law claims, as RECF concedes. Notice ¶ 4. Section 1441(a) therefore provides no basis for removal.

Section 1454 was enacted in 2011 in response to *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826 (2002), which held that a patent counterclaim could not create "arising under" jurisdiction. *See Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 643–44 (Fed. Cir. 2015). It permits removal of "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights[.]" 28 U.S.C. § 1454(a). The statute relaxes the well-pleaded complaint rule to this extent only: a copyright claim "asserted in counterclaims, rather than in an original complaint," can now support removal. *MPHJ*, 803 F.3d at 644 (emphasis omitted). It does not dispense with the requirement of an actual claim for relief arising under the Copyright Act, and that claim "must be contained in an operative pleading" at the time of removal. *Intellisoft, Ltd. v. Acer Am. Corp.*, 955 F.3d 927, 935–36 (Fed. Cir. 2020) (removal under § 1454 improper where the purported patent counterclaim was not in an operative pleading and thus had not been "asserted"; only the pleadings in effect when the notice of removal was filed are relevant).

RECF does not claim to have asserted a copyright claim itself. It has none: its counterclaim pleads Texas law claims and one Lanham Act count. Nor has VEX pleaded any copyright claim. RECF's theory is that VEX "asserted" a copyright claim by moving to enforce the Injunction. But a motion is not a pleading, and it does not assert a claim for relief. Under both the Texas and the Federal Rules, claims for relief are asserted in pleadings, TEX. R. CIV. P. 45, 47; FED. R. CIV. P. 7(a), 8(a), while a motion is "[a] request for

a court order" on matters already before the court, FED. R. CIV. P. 7(b)(1). RECF itself treated the Countermotion as exactly that, a motion governed by Texas injunction procedure to be denied by the state court on the merits and its present characterization of the Countermotion as "a pleading asserting a new cause of action," Notice ¶ 18, cannot be squared with its own filings.

Nor may RECF supply the missing claim by recharacterizing VEX's motion. VEX is the master of its own claims, *Caterpillar*, 482 U.S. at 392, and it has pleaded none under the Copyright Act. RECF's premise, that VEX "has chosen to assert that RECF's game manuals appropriate protectable expression from VEX's games," Notice ¶ 2, attributes to VEX a choice VEX did not make. What VEX asserted is that RECF violated an agreed order. Whether VEX might also have a copyright claim is beside the point. A plaintiff with both federal and state theories "may avoid federal jurisdiction by exclusive reliance on state law," *Caterpillar*, 482 U.S. at 392, and a defendant may not remove by insisting that the plaintiff really meant the other one.

**2. The Countermotion does not arise under the Copyright Act.**

Even setting aside § 1454's requirement of an actual claim for relief, the Countermotion does not arise under the Copyright Act. The "arising under" language of § 1338(a) is interpreted identically to that of § 1331. *Gunn*, 568 U.S. at 257. A case arises under federal law if federal law creates the cause of action or, in a "special and small category" of cases, if a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258 (quoting *Empire Healthchoice Assurance,*

*Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). In the copyright context, the Fifth Circuit follows Judge Friendly's formulation in *T.B. Harms Co. v. Eliscu,* 339 F.2d 823 (2d Cir. 1964): an action arises under the Copyright Act if the complaint seeks "a remedy expressly granted by the Act," "asserts a claim requiring construction of the Act," or presents a case where "a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)). *T.B. Harms* drew the line that governs here: "the federal grant of a patent or copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or on ordinary principles of contract law." 339 F.2d at 826.

***a. Copyright law is not raised because the Injunction supplies the governing standard.***

The Copyright Act does not create the right VEX seeks to enforce; the Injunction does. Under Texas law, "[a]n agreed judgment should be construed in the same manner as a contract." *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000). And the relevant contract terms are the parties' own. The Injunction does not ask whether RECF's manuals infringe a copyright. It asks whether RECF "cop[ied], reproduce[d], substantially imitate[d], or intentionally replicate[d] unique VEX Competition Materials," a defined term that excludes "general game elements," subject to the parties' agreement that "mere resemblance" alone is not enough. Injunction ¶¶ 3, 19(c), 19(d), 19(i). None of those terms comes from the Copyright Act. "Substantially imitate" and

"intentionally replicate" are not copyright terms of art; the parties chose them in preference to the vocabulary of infringement. "General game elements" is not defined by 17 U.S.C. § 102(b); its meaning is a question of what the parties intended. And "unique" is an ordinary word, which is why RECF itself proposed to construe it with a dictionary rather than a copyright treatise. RECF's Response to Countermotion at 3 & n.2, Appendix 906.

The contractual standard also differs from the copyright standard in ways that matter. Copyright infringement does not turn on intent; the Injunction's "intentionally replicate" prong does. Copyright protects only original expression; a contract may protect whatever the parties agree to protect, including material that copyright law leaves unprotected. A party that copies material it was contractually forbidden to copy is liable for breach whether or not the material is copyrighted, because an "action for breach of contract involves an element in addition to mere reproduction, distribution or display: the contract promise made by [the contracting party]." *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990) (uncopyrighted advertising drawings). RECF agreed not to substantially imitate or intentionally replicate unique VEX Competition Materials. Whether it kept that promise is a question about RECF's conduct measured against the words of the Injunction, not about the scope of federal copyright protection.

The Injunction's operative language is also disjunctive. RECF violates paragraph 19 if it copies, or reproduces, or substantially imitates, or intentionally replicates unique VEX Competition Materials. VEX may prevail under the ordinary contractual meaning of any one of those terms without establishing copyrightability, originality, or any other

element of infringement. That matters under *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809–10 (1988), which holds that a federal issue is a necessary element of a claim only if it is essential to every theory on which the claim can succeed: "a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories." *Id.* at 810. Federal law is essential to none of the theories available to VEX here. Every one of them is contractual.

RECF's "binary choice" argument, Notice ¶¶ 22–24, assumes away the Injunction. RECF says that either VEX claims protectable expression, in which case copyright law governs, or VEX complains only of unprotectable game mechanics, in which case "no such protection exists." Notice ¶ 23. That is a false dichotomy. The third possibility, and the actual one, is that the parties agreed by court order to a standard of their own. RECF's own filing concedes that "copying of manuals" is "addressed by the Agreed Temporary Injunction." Notice ¶ 11. Whether VEX's allegations about rule structures, scoring, and tournament formats describe copying of the manuals the Injunction protects, or something "beyond" it, is a question about the scope of the Injunction, and therefore a question of contract interpretation for the court that entered it. Neither that question nor the merits of it establishes federal court jurisdiction. RECF's fallback, that the state court "at minimum requires construction of the Copyright Act to adjudicate" the Countermotion, Notice ¶ 12, is the argument *Gunn* rejected: "the possibility that a state court will incorrectly resolve a state claim is not, by itself, enough to trigger the federal courts' exclusive patent jurisdiction, even if the potential error finds its root in a misunderstanding of patent law." *Gunn*, 568 U.S. at 263. State courts "can be expected to

hew closely to the pertinent federal precedents." *Id.* at 262. But regardless, the state court in this case has no need to even consult federal copyright law. The state court's interpretation of the dispute is governed by the language the parties used in the Injunction.

RECF's own state court filings confirm the point. Its August 11 letter and its verified August 17 Response argued the Countermotion entirely from the Injunction's text. Appendix 201-206; Appendix 904-924. RECF told the state court that the dispute turned on "how the parties' respective committees designed their respective games" and on "which features of a robotics competition are generic and which are distinctive." Appendix 905 (Resp. at 2). Those are questions of fact under a contractual standard. At the hearing, RECF's counsel described the discovery RECF needed in the same terms: discovery into "how these game elements were formulated," such as asking an RECF game designer, "Did you base this on something from VEX?" Tr. 57:15–24. That is a question about RECF's conduct and intent under the Injunction's "independently and in good faith" and "intentionally replicate" standards, not a question of copyright law. RECF argued the meaning of "general game elements" to the state court from the text of Injunction paragraphs 3 and 19(d), not from any federal statute. Tr. 61:9–20, 63:21–24. RECF did not need the Copyright Act to litigate the Countermotion in August, and the state court does not need it to decide the Countermotion now.

***b. The asserted federal issue is not substantial.***

Substantiality "looks instead to the importance of the issue to the federal system as a whole," not to the parties. *Gunn*, 568 U.S. at 260. Whether two sets of youth robotics

game manuals resemble each other in ways the parties' agreed order forbids is a "fact-bound and situation-specific" question of the kind the Supreme Court has held insufficient. *Empire Healthchoice*, 547 U.S. at 701. RECF said as much in state court, describing the Countermotion as "fact intensive," "hypertechnical," and dependent on "competing testimony." Tr. 49:24–50:8, 57:5–8, 58:14–16. Nothing about it will govern other cases, affect the validity of any federal statute, or bind any federal agency. RECF's removal notice does not identify a single federal interest that would be served by moving this enforcement dispute to federal court, other than RECF's own.

***c. Federal adjudication would disrupt the federal-state balance.***

The fourth *Gunn* factor asks whether federal jurisdiction is "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable*, 545 U.S. at 313. The Countermotion asks a Texas court to enforce an injunction that court entered, by agreement, under Texas procedure, with a Texas enforcement mechanism the parties wrote into the order. Injunction ¶ 22. *see* TEX. R. CIV. P. 692; TEX. GOV'T CODE § 21.001(a). Few functions are more squarely a court's own than construing and enforcing its orders, and the court that entered the Injunction is best positioned to say what its bargained-for terms mean. That court has already taken evidence on the parties' cross-motions, denied RECF's, ordered a continuation hearing on VEX's, and expressly "retain[ed] jurisdiction to enforce" the Injunction. Tr. 4–64; Order, Appendix 938-1002. RECF's theory would have this Court begin again and would have federal courts assume the enforcement of state court orders whenever the order's subject matter could be described in copyright vocabulary.

Congress made no such judgment.

RECF's theory would also prove far too much. If a state court's need to decide whether copied material is "generic" made a contract dispute a copyright case, every state-law claim for breach of a nondisclosure agreement, license, or confidentiality clause involving written material, and every trade secret or unfair competition claim involving copying, would belong exclusively to the federal courts. The Fifth Circuit has held the opposite: such claims are not even preempted by the Copyright Act, much less exclusively federal. RECF did not invoke the complete preemption doctrine in its Notice and may not add a new ground for removal now. Nor would the doctrine apply. Even where the Copyright Act completely preempts a state-law claim for removal purposes, *see GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705–06 (5th Cir. 2012), it does so only for claims that seek to vindicate rights "equivalent" to those secured by 17 U.S.C. § 106. A claim to enforce a promise embodied in an agreed order contains an "extra element," the promise itself, and is not equivalent. *Taquino*, 893 F.2d at 1501; *see Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999) (extra-element test). The Injunction's "intentionally replicate" standard adds a further element, intent, that copyright infringement does not require. *Taquino*, 893 F.2d at 1501; *Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 F. App'x 344, 349 (5th Cir. 2011) ("This court has held that breach of contract claims are not preempted by the Copyright Act.").

**3. RECF's authorities involve pleaded copyright claims.**

Every case RECF cites for jurisdiction involved a party that actually pleaded a claim under the Copyright Act. *Goodman v. Lee* was an action for a declaratory judgment

of co-authorship under the Act's provisions governing joint works. 815 F.2d at 1031–32. *Team Express*, as RECF's own quotation shows, involved a counterclaim for "a declaration of such infringement, an order permanently enjoining Team Express from continued acts of infringement, destruction of any material violating Junction's copyright, and compensatory damages." Notice ¶ 21 n.3 (quoting *Team Express Distrib. LLC v. Junction Sols., Inc.*, No. 5:15-CV-994-DAE, 2016 WL 3081020, at *2 (W.D. Tex. May 31, 2016)). *Donahue*, by RECF's own description, concerned "a defendant with a . . . copyright counterclaim." Notice ¶ 19 (quoting *Donahue v. Tokyo Electron Am., Inc.*, 42 F. Supp. 3d 829, 834 (W.D. Tex. 2014)). *Engineering Dynamics* and *DaVinci Editrice* were copyright infringement suits filed in federal court that applied 17 U.S.C. § 102(b) on the merits; neither addressed removal or § 1454. Notice ¶ 23 & nn.4–5. None of RECF's cases holds that a motion to enforce a state court's agreed injunction becomes a copyright claim because the order's defined terms concern written materials.

### C. RECF's Own Conduct Independently Requires Remand.

#### 1. RECF waived removal by seeking a merits ruling on the Countermotion in state court.

A defendant may waive the right to remove by invoking the state court's jurisdiction to resolve the merits.[1] The Fifth Circuit applies an exacting standard. The

[1] Even if RECF's theory of removability were correct, the Notice would still be untimely. RECF's own filings admit that VEX's August 5, 2026 letter "contained the same allegations found in the Countermotion." *Notice*at 4. A letter from opposing counsel supplying the facts that make a case removable is "other paper" starting the thirty-day clock. *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000). Thirty days from August 5 was September 4; RECF removed on September 14 — ten days late. RECF cannot treat the same facts as both a copyright claim (for jurisdiction) and not yet "ascertained" (for timeliness).

intent to remain in state court must be "clear and unequivocal," *Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 428 (5th Cir. 2003), and "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989). Waiver occurs when a defendant has "invok[ed] the jurisdiction of the state court in resolving the issues presented by the original complaint." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 244 (5th Cir. 2000). The doctrine exists to prevent a party from "experiment[ing] on his case in the state court, and, upon an adverse decision, then transfer[ring] it to the federal court." *Rosenthal v. Coates*, 148 U.S. 142, 147 (1893).

VEX and IFI acknowledge the limits of this doctrine. In *Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga,* 155 F.4th 456 (5th Cir. 2025), the Fifth Circuit described waiver as "no casual affair," noted the argument that the thirty-day removal deadline displaced the doctrine altogether, observed that the broad language in *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir. 1986) was dicta, and held, assuming the doctrine survives, that a defendant who filed a dispositive motion in state court but never set it for hearing or obtained a ruling on it had not waived removal. *Id.* A motion "that sits idle," the court explained, is not a submission of the cause "to adjudication on the merits." *Id.*

Nothing here sat idle. After the Countermotion was filed, the very "paper" RECF says made the case removable, RECF (i) argued its own motion to enforce the Injunction at the August 17 evidentiary hearing and, on August 21, received an order denying that motion "in its entirety"; (ii) filed a verified response opposing the Countermotion on the merits; (iii) tendered a proposed order adjudicating the Countermotion by denying it on "the competent evidence" and "the applicable law"; (iv) argued the Countermotion's

merits at the hearing from the text of the Injunction, Tr. 58:4–16, 61:9–20, 63:21–24; (v) asked the state court, on the record, to "continue the hearing on the counter-motion and fully flush this out at a later date where we can have witnesses," to allow RECF to "cross-examine this witness" at that later date, and committed that RECF's witness would testify at it, Tr. 52:4–9, 58:18–22, 59:9–11; and (vi) after the state court ordered the parties "to get a continuation hearing set on VEX's Countermotion," asked for a November setting so that RECF could take discovery. The motion in *Festeryga* was never set for hearing and never argued; RECF asked the state court to set a second hearing on VEX's Countermotion. Only when the state court chose September 18 rather than November did RECF conclude that the state court lacked jurisdiction to hear the Countermotion at all. That sequence, an adverse decision followed by a transfer to federal court, is the "experiment" *Rosenthal* describes, and it is a clear and unequivocal manifestation of intent to have the state court decide the very matter RECF now says it could not decide. The Court need not reach waiver if no federal claim exists; RECF's conduct is nonetheless an independent ground for remand and bears on the fee request below.

**D. The Court Should Expedite Its Consideration of This Motion.**

VEX and IFI ask the Court to shorten RECF's time to respond and to rule at its earliest opportunity, on the papers or at a hearing, as the Court prefers. The Court has that authority. The default response and reply periods apply unless the Court directs otherwise, N.D. TEX. LR 7.1(e), (f), and "a presiding judge may direct the parties to proceed in any manner that the judge deems just and expeditious." N.D. TEX. LR 83.1. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (inherent power to control the disposition of

cases on the docket). This Court has remanded on its own motion, without awaiting briefing, where the absence of jurisdiction was apparent from the removal papers. *Henry*, slip op. at 1–2.

The reasons supporting expedited consideration of the Motion to Remand are concrete. First, the removal displaced a hearing the state court set for September 18, 2026, after considering and rejecting RECF's request to delay it. Every week the Countermotion goes unheard is a week in which RECF continues to operate its 2026–2027 season on manuals VEX contends the Injunction forbids, collects registration fees from teams and schools, and deepens the reliance interests it will undoubtedly later cite as a reason VEX's Countermotion for enforcement of the Injunction should be denied. RECF has already previewed that argument, telling the state court that relief on the Countermotion "would land immediately and concretely on schoolchildren." Resp. at 8, Appendix 912. Every week of delay strengthens RECF's position.

Second, the default twenty-one-day response period, followed by a fourteen-day reply period, would carry this motion into late October before it is fully briefed, accomplishing by procedure what RECF could not obtain from the state court by request. A shortened response period will not prejudice RECF, whose Notice sets out its position at length. Nor is there any reason the Countermotion cannot be heard promptly by the state court on remand.

VEX and IFI therefore request that RECF be ordered to respond within three business days of the Court's order, that any reply be due two business days thereafter, and that the Court rule as soon as practicable. In the alternative, if the Court concludes

that it has jurisdiction over any part of this action, VEX and IFI request that the Court set the Countermotion for an expedited evidentiary hearing. The Injunction remains in full force after removal, 28 U.S.C. § 1450; *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local 70*, 415 U.S. 423, 436–37 (1974), and the need to enforce it does not abate because RECF changed the courthouse. If the Court were to retain jurisdiction over any portion of this action, VEX and IFI reserve the right to seek remand of the remaining state-law claims under 28 U.S.C. §§ 1367(c) and 1454(d).

## IV. CONCLUSION AND PRAYER

For these reasons, VEX and IFI respectfully request that the Court (1) expedite its consideration of this motion by shortening the response and reply periods; (2) remand this action to the 354th Judicial District Court of Hunt County, Texas; (3) award VEX and IFI the costs and actual expenses, including attorney fees, incurred as a result of the removal under 28 U.S.C. § 1447(c), in an amount to be established by subsequent submission; (4) in the alternative, and only if the Court retains jurisdiction over any part of this action, grant the alternative motion and set the Countermotion for an expedited evidentiary hearing; and (5) grant VEX and IFI such other and further relief to which they may be entitled.

Respectfully submitted,

*/s/ Joel E. Geary*

Joel E. Geary
State Bar No. 24002129
jgeary@wslawpc.com
James M. Welch
State Bar No. 00785210
jwelch@wslawpc.com
Grant B. Stock
State Bar No. 24033240
gstock@wslawpc.com
Matthew P. Lindner
State Bar No. 24098001
mlindner@wslawpc.com
WADDELL SERAFINO GEARY
RECHNER JENEVEIN, P.C.
1717 Main Street, Suite 2500
Dallas, Texas 75201
214/979-7400 telephone
214/979-7402 facsimile

George Ivan Alexander
State Bar No. 00992600
george@curtisalexander.net
CURTIS & ALEXANDER, PC
2708 Washington Street
P.O. Box 1274
Greenville, Texas 75403
903/455-8113 telephone
903/454-3371 facsimile

*Attorneys for Plaintiff/Counter-Defendant VEX Robotics, Inc. and Innovation First International, Inc.*

## CERTIFICATE OF CONFERENCE

On September 17, 2026, counsel for VEX and IFI, Joel E. Geary, conferred with counsel for RECF, Tre Fischer, by email] regarding the relief requested in this motion. RECF opposes the motion.

*/s/ Joel E. Geary*
Joel E. Geary

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Joel E. Geary*
Joel E. Geary