**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VEX ROBOTICS, INC.,**<br>*Plaintiff/Counter-Defendant,*<br><br>**v.**<br><br>**ROBOTICS EDUCATION AND COMPETITION FOUNDATION, INC.,**<br>*Defendant/Counter-Plaintiff/Third-Party Plaintiff,*<br><br>**v.**<br><br>**INNOVATION FIRST INTERNATIONAL, INC.,**<br>*Third-Party Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 3:26-cv-03117-S** |

**Plaintiff VEX Robotics, Inc.'s and Third-Party Defendant Innovation First International, Inc.'s Reply in Support of Expedited Motion to Remand**


Joel E. Geary
State Bar No. 24002129
jgeary@wslawpc.com
James M. Welch
State Bar No. 00785210
jwelch@wslawpc.com
Grant B. Stock
State Bar No. 24033240
gstock@wslawpc.com
WADDELL SEARFINIO GEARY RECHNER JENEVEIN, PC
1717 Main Street, Suite 2500
Dallas, Texas 75201
214/979-7400 telephone
214/979-7402 facsimile

George Ivan Alexander
State Bar No. 00992600
george@curtisalexander.net
CURTIS & ALEXANDER, PC
2708 Washington Street
P.O. Box 1274
Greenville, Texas 75403
903/455-8113 telephone
903/454-3371 facsimile

*Attorneys for VEX Robotics, Inc. and Innovation First International, Inc. (collectively, "VEX")*

*Portions of this brief were prepared with the assistance of generative artificial intelligence. Counsel has reviewed the brief in its entirety and has independently verified its factual assertions and legal citations.*

**A. The Agreed Injunction regulates competitive independence, not copyright infringement.**

Doubling down on its characterization of VEX's state court motion to enforce the Agreed Temporary Injunction ("the Injunction") as a copyright "claim," RECF argues that interpretation of federal copyright law is central to any evaluation of the motion's merits. But the purpose of the Injunction should be the starting point of the analysis because RECF's removal theory depends on severing a few words—"copy," "reproduce," and "substantially imitate"—from the competitive structure the parties negotiated. The Injunction preserved RECF's ability to compete with VEX through independently developed educational robotics games for students, while barring RECF under Paragraph 14(b) from using VEX Competition Materials in RECF competitions or copying, reproducing, substantially imitating, or intentionally replicating those materials when designing its own games. Agreed Temporary Injunction ¶¶ 14(b), 14(e), 19(c)–(d), Appendix 167–191. It also expressly excluded "general game elements" and provided that "mere resemblance" alone would not constitute copying, reproduction, substantial imitation, or intentional replication. *Id.*

That structure makes commercial sense only if the Injunction is understood as a competition-separation order, not a copyright order. VEX did not object to RECF creating its own different competitions; it sought to avoid a situation in which RECF could operate replacement competitions that looked and smelled like VEX competitions by using the

same rules, designs, robot sizes, game elements, and game fields in a way that would divert VEX teams to RECF. Because robotics competitions are rule-driven, the game manuals are the practical mechanism through which a competition either becomes meaningfully independent or replicates the VEX competition experience. Countermotion at 7, 21–22, Appendix 329, 343–44; Kahl Decl. ¶¶ 4–38, Appendix 351–69.

RECF's copyright framing therefore answers the wrong question. The question presented by the Countermotion is not whether VEX owns a copyright in game mechanics, whether 17 U.S.C. § 102(b) protects scoring systems, or whether the manuals would support an infringement action. The question is whether RECF crossed the negotiated line the parties drew between independent competition and prohibited use or imitation of VEX Competition Materials. Injunction ¶¶ 9, 14(b), 19(c)–(d), 19(i), 22, Appendix 167–191; Countermotion at 24, Appendix 346. Once the Injunction is understood in that setting, RECF's § 1454 and Copyright Act theories collapse.

**B. The Countermotion does not assert a copyright claim for relief.**

RECF's opposition rests on a category error: it treats VEX's motion to enforce a negotiated injunction as though it were a newly pleaded Copyright Act claim. The Countermotion did not plead infringement, did not invoke the Copyright Act, did not request statutory damages, impoundment, or a Title 17 injunction, and did not ask the state court to adjudicate ownership or infringement of any registered work. Countermotion, Appendix 323–924. It asked the court that entered the Injunction to enforce the parties' own agreed restrictions on RECF's use of VEX Competition Materials and to determine whether RECF's Tier Takeover and Pinnacle manuals complied with

the independent-development limitations RECF accepted in that order. Countermotion at 24, Appendix 346; Injunction, Appendix 167–191. That is not a copyright claim; it is enforcement of an agreed state-court injunction.

The Injunction's negotiated terms—not § 102(b), § 106, or § 502 of the Copyright Act—supply the rule of decision. The Injunction's use of words such as "copy," "reproduce," and "substantially imitate" does not incorporate federal infringement doctrine; those words appear in the parties' agreed order and must be construed as the parties used them. The parties also chose words that are not Copyright Act terms of art, including "unique," "substantially imitate," "intentionally replicate," "general game elements," and "mere resemblance." RECF itself treated those words as injunction terms before removal, arguing in its August 11 letter and August 17 response that the manuals dispute turned on paragraph 3's "general game elements" exclusion, paragraphs 19(c) and 19(d)'s "unique" qualifier, and paragraph 19(i)'s "mere resemblance" clause. August 11, 2026 Letter, Appendix 201–206; RECF Response at 3, Appendix 906. RECF did not need the Copyright Act to argue those points in state court, and the state court did not need the Copyright Act to decide them.

The Fifth Circuit's copyright-jurisdiction test confirms that no copyright claim is present. Under the governing Fifth Circuit test, an action arises under the Copyright Act only if the complaint seeks a remedy expressly granted by the Act, asserts a claim requiring construction of the Act, or presents a case in which a distinctive policy of the Act requires federal principles to control. *Goodman v. Lee*, 815 F.2d 1030, 1031–32 (5th Cir. 1987) (adopting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)). VEX's

Countermotion satisfies none of those categories. It seeks enforcement relief under paragraph 22 of the Injunction, which authorizes the court to enforce the injunction by contempt or other appropriate relief and to award fees for a successful enforcement proceeding. Injunction ¶ 22, Appendix 167–191. It does not invoke § 502(a), which authorizes injunctions only for courts having jurisdiction over civil actions arising under Title 17 to prevent or restrain copyright infringement. It also does not require construction of the Copyright Act because the relevant inquiry is whether RECF violated the agreed order's independent-development and anti-imitation standards.

RECF's contrary position depends on the same "essence of the dispute" reasoning that *T.B. Harms* rejects. *Goodman*, 815 F.2d at 1031–32; *T.B. Harms*, 339 F.2d at 828. The *T.B. Harms* analysis turns on the claim actually asserted, not on the defense RECF wishes to raise or the federal vocabulary RECF imports into the dispute. A claim does not arise under copyright law merely because the subject matter involves written works or because a party may argue that copyright doctrines supply a useful analogy. The Supreme Court's well-pleaded complaint cases likewise teach that federal jurisdiction cannot rest on an anticipated defense or on a federal issue that is only "lurking in the background." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10–12 (1983); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). Here, VEX's claim is not that RECF infringed a federal copyright; VEX's claim is that RECF violated an agreed injunction entered in a Texas state-court action. Countermotion at 24, Appendix 346; Injunction ¶¶ 19, 22, Appendix 167–191.

Section 1454 does not change that result. Section 1454 permits removal only when "any party asserts a claim for relief arising under" an Act of Congress relating to copyrights. The Fifth Circuit has recognized that § 1454 expands who may remove a patent or copyright case when a qualifying claim is asserted, but the statute still requires an asserted claim for relief arising under the relevant federal intellectual-property law. It relaxes the traditional well-pleaded complaint rule by allowing patent and copyright claims asserted by "any party," but it does not eliminate the statutory requirement that a copyright claim for relief actually be asserted. The Federal Circuit's decision in *Intellisoft* confirms the point: removal under § 1454 requires the claim supporting removal to appear in an operative pleading. *Intellisoft, Ltd. v. Acer Am. Corp.*, 955 F.3d 927, 934 (Fed. Cir. 2020). A motion to enforce an existing state-court injunction is not an operative pleading asserting a new copyright cause of action.

Nor does RECF create jurisdiction by arguing that VEX seeks relief "equivalent" to copyright. Contractual and injunction-based obligations contain an extra element that copyright infringement does not: the party-specific promise embodied in the agreement and order. *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990); *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456–57 (5th Cir. 2003). The Fifth Circuit held in *Taquino* that a breach-of-contract claim based on the use of drawings was not preempted because it involved an additional element beyond reproduction, distribution, or display—the contract promise. *Taquino*, 893 F.2d at 1501. That principle applies with greater force here, where RECF's obligation arises from an agreed temporary injunction entered by a Texas court and enforced through the order's own paragraph 22 procedure. Injunction ¶ 22,

Appendix 167–191. The Copyright Act creates rights against the world, while contracts and agreed injunctions bind the parties who agreed to them. *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1454–55 (7th Cir. 1996). VEX seeks to enforce the latter.

**C. RECF's complete preemption theory fails because VEX seeks to enforce party-specific injunction obligations.**

RECF's complete-preemption argument fails for the same reason. RECF argues that even if the Countermotion is treated as state-law injunction enforcement, § 301 completely preempts the rights VEX seeks to enforce because the manuals are fixed written works and VEX allegedly seeks rights equivalent to § 106. RECF's Opposition at 21–24. But complete preemption does not turn every dispute touching written materials into a copyright case; it applies only when the asserted right is equivalent to the exclusive rights within the general scope of copyright. 17 U.S.C. § 301(a); *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706-707 (5th Cir. 2012); *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 594–95 (5th Cir. 2015). VEX's right is not equivalent because it depends on the Injunction, the parties' defined terms, the Paragraph 22 notice-and-cure process, and RECF's party-specific obligation not to copy, reproduce, substantially imitate, or intentionally replicate unique VEX Competition Materials except as the injunction permits. Injunction ¶¶ 9, 14(b), 19(c)–(d), 19(i), 22, Appendix 167–191.

RECF's preemption cases are therefore distinguishable. In *GlobeRanger*, *Spear Marketing*, *Ultraflo*, *Motion Medical*, and *Digital Drilling*, the Fifth Circuit addressed state-law theories that sought to vindicate rights equivalent to copyright in software, drawings, data, manuals, reports, billing information, or other written materials. *GlobeRanger*, 691

F.3d at 705–07; *Spear Mktg.*, 791 F.3d at 596–98; *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652, 656–58 (5th Cir. 2017); *Motion Med. Techs., L.L.C. v. Thermotek, Inc.*, 875 F.3d 765, 773–75 (5th Cir. 2017); *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 378–80 (5th Cir. 2020). Those cases do not hold that a court order negotiated between two parties becomes completely preempted whenever enforcement requires comparing written materials. Likewise, even as RECF describes it, *Versata Software, Inc. v. Infosys Technologies Ltd.*, 2013 WL 12385035 (W.D. Tex. 2013) involved a bare promise not to infringe; this Injunction draws its own negotiated line between independent competition and the prohibited use or imitation of defined VEX Competition Materials, and that negotiated obligation, rather than a promise merely to obey copyright law, is what VEX seeks to enforce. The controlling distinction here is the extra element: VEX must prove the agreed injunction, the contractual and court-ordered limits RECF accepted, the Paragraph 22 enforcement pathway, and a violation of the injunction's independent-development standards. Injunction ¶¶ 19, 22, Appendix 167–191; *Taquino*, 893 F.2d at 1501; *Carson*, 344 F.3d at 456–57.

That extra element is not formalistic. It changes the nature of the right being enforced. VEX is not asking the state court to give it copyright protection against the world; it is asking the court to hold RECF to a negotiated injunction that permits independent development but forbids RECF, as a party to that order, from crossing agreed lines. Injunction ¶¶ 19(c)–(d), 19(i), 22, Appendix 167–191; Countermotion at 24, Appendix 346. Section 301 does not preempt rights that are not equivalent to § 106 rights, 17 U.S.C. § 301(b)(3), and a party-specific promise is the paradigmatic extra element that

makes the claim qualitatively different from copyright infringement. *Taquino*, 893 F.2d at 1501; *ProCD*, 86 F.3d at 1454–55. RECF's § 301 theory therefore supplies no independent basis for removal.

RECF's § 102(b) argument also misses the point. Section 102(b) limits copyright protection for ideas, procedures, processes, systems, methods of operation, concepts, principles, and discoveries. 17 U.S.C. § 102(b); *Baker v. Selden*, 101 U.S. 99, 102–04 (1879); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348–51, 356–61 (1991). VEX is not asking the state court to decide that those elements are protected by copyright. VEX is asking the state court to decide whether RECF violated a negotiated injunction that uses its own definitions and limitations, including the exclusion of "general game elements" and the rule that "mere resemblance" alone is not enough. Injunction ¶¶ 3, 19(c)–(d), 19(i), Appendix 167–191; Countermotion at 24, Appendix 346. Parties may agree to restrictions that differ from copyright's default rules, and enforcing that agreement does not convert the dispute into an infringement action. *Taquino*, 893 F.2d at 1501; *ProCD*, 86 F.3d at 1454–55; *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1324–26 (Fed. Cir. 2003).

At most, RECF identifies a fact-bound dispute about whether its manuals are sufficiently independent under the Injunction's terms. Countermotion at 7, 21–22, Appendix 329, 343–44; Kahl Decl. ¶¶ 4–38, Appendix 351–69; RECF Response at 2–4, Appendix 905–07. That kind of case-specific comparison does not create federal jurisdiction. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699–701 (2006); *Gunn v. Minton*, 568 U.S. 251, 260–64 (2013). Federal jurisdiction over a state-law claim exists only in the "special and small" category of cases that necessarily raise a disputed

and substantial federal issue whose resolution in federal court will not disrupt the congressionally approved balance of state and federal judicial responsibilities. *Gunn*, 568 U.S. at 258; *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–15 (2005). The question of whether RECF's manuals make its competitions too similar to VEX's under the Injunction is not important to the federal system as a whole. *Gunn*, 568 U.S. at 260. It is a state-court enforcement dispute about the meaning of a state-court order.

**D. RECF waived the right, if any, to remove.**

RECF's waiver response fails on the facts. VEX does not contend that litigation conduct creates jurisdiction; it contends that RECF relinquished the statutory right to remove. In *Festeryga*, the Fifth Circuit assumed the waiver doctrine survives and applied a demanding standard to a motion that was never heard or decided. *Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 155 F.4th 456, 460 (5th Cir. 2025). RECF's own enforcement motion did not remain idle. After the August 14 trigger RECF identifies, RECF presented that motion for decision at the August 17 hearing and received an adverse ruling on August 21. Hearing on Motions Transcript (August 17, 2026), Appendix 942-949; Appendix 930-932. It also responded to VEX's motion on the merits and urged the state court to deny it. That affirmative pursuit of rulings is the clear and unequivocal conduct the waiver standard requires. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003).

**Conclusion**

The Court should reject RECF's attempt to transform this state court injunction enforcement dispute into federal copyright litigation. VEX's Countermotion does not assert a Copyright Act cause of action, does not seek a Copyright Act remedy, does not require construction of the Copyright Act, and does not implicate any distinctive copyright policy requiring federal control. Because no party has asserted an operative claim for relief arising under the Copyright Act, neither § 1441 nor § 1454 supplies a basis for removal. Even if RECF's theory were credited, the removal would still fail because it was waived by RECF's pursuit of rulings in the state court. The case should be remanded and VEX awarded the fees it incurred because of RECF's removal.

Respectfully submitted,


*/s/ Joel E. Geary*
Joel E. Geary
State Bar No. 24002129
jgeary@wslawpc.com
James M. Welch
State Bar No. 00785210
jwelch@wslawpc.com
Grant B. Stock
State Bar No. 24033240
gstock@wslawpc.com

WADDELL SERAFINO GEARY
RECHNER JENEVEIN, P.C.
1717 Main Street, Suite 2500
Dallas, Texas 75201
214/979-7400 telephone
214/979-7402 facsimile


- and -

George Ivan Alexander
State Bar No. 00992600
george@curtisalexander.net
CURTIS & ALEXANDER, PC
2708 Washington Street
PO Box 1274
Greenville, Texas 75403
903/455-8113 telephone
903/454-3371 facsimile

*Attorneys for Plaintiff/Counter-Defendant VEX Robotics, Inc. and Third-Party Defendant Innovation First International, Inc.*

**CERTIFICATE OF SERVICE**

On this the 5th day of October, 2026, a true and correct copy of this document was filed electronically. Notice of the filing was served on counsel of record by operation of the Court's electronic filing system.

*/s/ Joel E. Geary*
Joel E. Geary