# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VEX ROBOTICS, INC. | § | |
| | § | |
| v. | § | |
| | § | |
| ROBOTICS EDUCATION AND COMPETITION FOUNDATION, INC. | § | CIVIL ACTION NO. 3:26-CV-3117-S |
| | § | |
| v. | § | |
| | § | |
| INNOVATION FIRST INTERNATIONAL, INC. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff VEX Robotics, Inc., and Third-Party Defendant Innovation First International, Inc.'s Expedited Motion to Remand and Brief in Support ("Motion") [ECF No. 3]. The Court has reviewed and considered the Motion, Defendant Robotics Education and Competition Foundation, Inc.'s Opposition to Remand ("Response") [ECF No. 8], and Plaintiff and Third-Party Defendant's Reply in Support of the Motion ("Reply") [ECF No. 10]. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

## I. BACKGROUND

Plaintiff and Defendant—competitors in the world of educational robotics competitions—are embroiled in a dispute affecting the current robotics competition season. *See, e.g.*, Mot. 3, 5. Plaintiff supplies "educational and competition robotics products" and holds "educational robotics competitions" for students. First Am. Pet. and Appl. for TRO, Temporary Inj., and Permanent Inj. ("Amended Petition") [ECF No. 1-11] ¶ 10. Defendant is a "nonprofit that engages students in hands-on robotics . . . through competitions and educational initiatives." *Id.* ¶ 11. For more than ten years, the parties had a business relationship pursuant to which Defendant: (1) acted as

Plaintiff's agent in managing and promoting Plaintiff's robotics competitions and (2) purchased robotics-related products from Plaintiff. *Id.* ¶¶ 12, 14. That relationship eventually fell apart, and Plaintiff terminated "all licenses, rights, and authorizations granted to [Defendant]" in May 2026. *Id.* ¶¶ 30-31. But, according to Plaintiff, Defendant misrepresented to the public that it continued to be involved in Plaintiff's events and misled competitors into signing up for Defendant's events. *Id.* ¶¶ 33-34.

As a result of the foregoing, Plaintiff filed suit in the 354th Judicial District Court of Hunt County, Texas, on April 28, 2026. *See* Original Pet. [ECF No. 1-5]. In the Amended Petition, Plaintiff asserts Texas state law claims for breach of contract, quantum meruit, sworn account, fraud, breach of fiduciary duty, unfair competition, trademark dilution, false designation of origin, and tortious interference with existing and prospective relationships. Am. Pet. ¶¶ 45-70. Plaintiff also seeks declaratory and injunctive relief. *Id.* ¶¶ 71-87. Defendant filed its Counterclaims and Third-Party Petition [ECF No. 1-16], which did not contain any claims rendering the case removable. *See, e.g.*, Mot. 4-5.

On May 29, 2026, the state court entered the parties' Agreed Temporary Injunction ("Injunction") [ECF No. 1-19]. Among other things, the Injunction restrains Defendant from using Plaintiff's materials "in promoting, managing, operating, or holding any [of Defendant's] Competitions or otherwise copying, using, referencing, or linking to such materials, except as allowed and in the manner provided by this Injunction." Inj. 3 ¶ 14(b). The Injunction also requires that Defendant's competitions must be "based on [Defendant's] own independently developed manuals, rules, software, and materials." *Id.* at 3-4 ¶ 14(e). The Injunction permits Defendant to operate its own competitions as long as it "does not copy, reproduce, substantially imitate, or intentionally replicate" Plaintiff's unique materials. *Id.* at 7 ¶ 19(c)-(d). In the event of an alleged

violation of the Injunction, the parties agreed that the complaining party could "apply to the [state court] for enforcement." *Id.* at 9 ¶ 22.

Pursuant to the Injunction's terms, Defendant filed an Emergency Motion to Enforce the Agreed Temporary Injunction [ECF No. 1-22]. Plaintiff responded and filed a Countermotion to Enforce Injunction against Defendant ("Countermotion") [ECF No. 1-25]. In the Countermotion, Plaintiff accused Defendant of releasing competition manuals that imitate Plaintiff's manuals. Countermot. 3-4. Plaintiff asked the state court to, among other things, (1) declare that Defendant's continued use of the challenged manuals violated the Injunction; and (2) order Defendant to cease publishing, distributing, and using the manuals "to promote, manage, operate, or hold [its] competitions until the copying and substantial imitation is removed." *Id.* at 24.

The state court denied Defendant's Emergency Motion to Enforce the Agreed Temporary Injunction and ordered the parties to set a continuation hearing on the Countermotion. *See* Order Den. Def.'s Emergency Mot. to Enforce [ECF No. 1-32]. The court later set that hearing on September 18, 2026. Pl. and Third-Party Def.'s App. in Supp. of Mot. [ECF No. 4] Ex. 13 at 934. Four days before the hearing, Defendant removed the case to this Court, arguing that Plaintiff's Countermotion asserted claims arising under the Copyright Act, 17 U.S.C. § 101 et seq., which rendered the case removable. Notice of Removal [ECF No. 1] ¶¶ 1-2. Plaintiff and Third-Party Defendant moved to remand the case to state court and requested an award of attorney's fees and costs incurred as a result of removal. Mot. 25.

## II. LEGAL STANDARD

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and

internal quotation marks omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). Because removal raises significant federalism concerns, the removal statute is strictly construed, and any doubt about the propriety of removal jurisdiction is resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted). The two principal bases upon which a district court may exercise removal jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331; and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332.

## III. ANALYSIS

It is undisputed that the parties are not diverse and that the Amended Petition only includes state law causes of action. *See, e.g.*, Notice of Removal ¶ 4; Mot. 4. However, Defendant argues that the case is removable for two reasons. First, the Countermotion arises under the Copyright Act, making removal proper under 28 U.S.C. § 1454(a). Notice of Removal ¶¶ 1-2. Second, even if the Countermotion raises only state law claims, 17 U.S.C. § 301(a) preempts them, vesting the Court with federal question jurisdiction and permitting removal under 28 U.S.C. § 1441. Resp. 21-24. The Court will analyze each of Defendant's arguments before turning to Plaintiff and Third-Party Defendant's request for an award of attorney's fees.

### *A. Motion to Remand*

#### *i. Section 1454(a)*

Defendant removed this case under 28 U.S.C. § 1454(a), which states that a "civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed." Section 1454(a) was "intended to provide federal courts . . . with jurisdiction over claims arising under the [copyright] laws even when asserted in

counterclaims, rather than in an original complaint." *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015) (emphasis omitted). But Defendant has pointed to no precedent holding that a "claim for relief" can be asserted in a motion,[1] and the Court has found none. Instead, the Federal Circuit has stated that "the claim supporting removal must be contained in an operative ***pleading***." *Intellisoft, Ltd. v. Acer Am. Corp.*, 955 F.3d 927, 934 (Fed. Cir. 2020) (emphasis added). And at least one district court has concluded that "[a] party can only 'assert a claim for relief' in a pleading." *Masimo Corp. v. Mindray DS USA, Inc.*, No. 14-0405, 2015 WL 93759, at *3 (D.N.J. Jan. 7, 2015). Motions are not pleadings. *See* FED. R. CIV. P. 7(a). Nevertheless, for the sake of thoroughness, the Court will analyze Section 1454(a) removal as though the Countermotion contains a claim for relief.

For purposes of Section 1454(a), an action arises under the Copyright Act if the complaint is for a remedy expressly granted by the Act, asserts a claim requiring construction of the Act, or presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) (citation omitted). Defendant relies on the first two alternatives here.

*a. Remedy*

Defendant first argues that Plaintiff's Countermotion seeks a remedy granted by the Copyright Act. Resp. 14-16. According to Defendant, Plaintiff sought "new injunctive relief" in

[1] Defendant correctly notes that a "motion, order or other paper" may put a defendant on notice that a case is removable. 28 U.S.C. § 1446(b)(3). But that does not mean that a claim for relief may be made in a motion. Instead, this provision is often invoked when, for example, a motion or other paper reveals that a non-diverse defendant was improperly joined or that the amount in controversy supports diversity jurisdiction. *See Radosta v. Lorillard Tobacco Co.*, No. 14-0500, 2014 WL 1660635, at *1 (E.D. La. Apr. 25, 2014); *Miner v. Stevens Transp., Inc.*, No. 3:15-CV-00967-M, 2015 WL 5472896, at *1 (N.D. Tex. Sep. 17, 2015) (collecting cases and concluding that deposition designations could not "clarify that the underlying nature of Plaintiff's claims arise under [federal law]").

the Countermotion in the form of an injunction to prevent or restrain infringement.[2] Resp. 13-15. The Court disagrees. As Plaintiff states in the Countermotion, the requested relief tracks the Injunction. Countermot. 24. Plaintiff asks the state court to "declare that [Defendant's] continued use of" the manuals "violates Paragraph 14(b)" of the Injunction and is not covered by the permissions granted by the Injunction. *Id.* Plaintiff requests that the state court prevent Defendant from publishing, distributing, and using those manuals to promote, manage, operate, or hold its competitions—language that mirrors the restrictions set forth in the Injunction. *Compare id. with* Inj. 3-4 ¶ 14. Thus, there are only two possibilities, both of which mandate remand. If the relief provided in the Injunction is not a remedy expressly granted by the Copyright Act, then neither is Plaintiff's request for relief in the Countermotion, which merely seeks to enforce that Injunction. Alternatively, if the injunctive relief Plaintiff seeks is expressly granted by the Copyright Act, the parties already asked the state court to grant such relief when they requested entry of the Injunction, and Defendant's Notice of Removal is untimely. *See* 28 U.S.C. § 1446(b)(3) (establishing a thirty-day deadline for removal after receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case . . . has become removable"). Either way, Defendant's removal on this basis was improper.

*b. Construction*

Second, Defendant contends that resolution of the Countermotion requires construction of the Copyright Act. Resp. 16-19. According to Defendant, the relief requested asks the deciding court to "apply the Act's boundary between protectable expression and unprotectable . . . subject

[2] Defendant asserts that Plaintiff sought "new injunctive relief" related to "later-created works" and that the Injunction's purpose was only to maintain the status quo. Resp. 13, 16. These arguments ignore the text of the Injunction to which Defendant agreed, which is necessarily forward-looking. For example, the Injunction prohibits Defendant's use of Plaintiff's materials in future competitions and requires that Defendant base future competitions on "independently developed manuals." Inj. 3-4 ¶ 14(b), (e).

matter." *Id.* at 16. Again, the Court disagrees. As Plaintiff states, "the relevant inquiry" does not require construction of the Copyright Act but rather asks "whether [Defendant] violated the agreed [Injunction's] . . . standards." Reply 4. "The mere fact that a contract," like the Injunction here, "deals with the disposition of a copyright . . . does not implicate the Copyright Act." *RTG LLC v. Fodera*, No. 5:19-CV-87-DAE, 2019 WL 5791459, at *5 (W.D. Tex. May 16, 2019) (citing *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964)). Instead, "[t]he cases in which courts have found federal subject matter jurisdiction because the 'claims requir[ed] construction of the [Copyright] Act' have involved actions based on rights created by the Copyright Act." *Kane v. Nace Int'l*, 117 F. Supp. 2d 592, 596 (S.D. Tex. 2000) (third alteration in original). This action, seeking enforcement of the agreed state court Injunction, does not involve rights created by the Copyright Act.

In sum, Plaintiff's Countermotion does not set forth a claim arising under the Copyright Act and does not give rise to federal jurisdiction.

*ii. Section 1441*

In its Response, Defendant also argues that removal is proper because the Copyright Act preempts Plaintiff's state law claims and thus supports federal question jurisdiction. Resp. 4-5. Federal question jurisdiction is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). But there is a corollary to this rule. "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008) (citation omitted). Section 301(a) of the Copyright Act is a statutory provision that

"completely preempts the substantive field." *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012).

For 17 U.S.C. § 301(a) to preempt a state law claim, two conditions must be met. *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 785 (5th Cir. 1999). First, the work at issue must come within the subject matter of copyright. *Id.* at 785-86. Second, the right that the plaintiff seeks to protect must be equivalent to any of the exclusive rights within the general scope of copyright. *Id.* at 786.

It is unclear to the Court whether Plaintiff and Third-Party Defendant dispute that the manuals at issue come within the subject matter of copyright. Thus, the Court will assume without deciding that they do. Even if the Court assumes that the first condition is met, however, Defendant has not established the second. Section 301 "only preempts rights equivalent to the exclusive rights within the general scope of the copyright law. A right is equivalent if the mere act of reproduction, distribution, or display infringes it." *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990) (citation omitted). Where an action involves an additional element, such as a "contract promise," it is not preempted. *Id.* (citation omitted).

In the Countermotion, Plaintiff alleges that Defendant violated the Injunction and seeks to enforce the promises made therein. *See* Countermot. 24. Although Plaintiff does not assert a breach of contract claim, Plaintiff's arguments and relief sought are similar, and the Court finds the precedent on such claims instructive. "Courts throughout the [Fifth] Circuit have recognized the [Copyright] Act's limited preemptive effect in breach-of-contract claims." *MultiTracks, LLC v. Palmer*, No. A-21-CV-00645-LY, 2022 WL 606721, at *3 (W.D. Tex. Mar. 1, 2022) (collecting cases), *report and recommendation adopted by* 2022 WL 2763515 (W.D. Tex. Mar. 25, 2022). Breach of contract claims involve extra elements, such as a contract promise or the existence of a

binding contract. *Id.* (citation omitted). There is, however, a "narrow exception" to this general proposition when "the contract promise is nothing more than a 'naked promise' not to infringe on another party's copyright." *Motio, Inc. v. BSP Software LLC*, No. 3:16-CV-00331-O, 2016 WL 9559916, at *11 (N.D. Tex. May 27, 2016).

In this case, as in a standard breach of contract action, the Court concludes that any claims for relief Plaintiff set forth in the Countermotion have additional elements and thus are not preempted. The promise Plaintiff seeks to enforce, as set forth in the Injunction, is more than a bare promise not to infringe or copy. Instead, the Injunction prohibits use of Plaintiff's materials in "promoting, managing, operating, or holding any [of Defendant's] competitions" and "except as allowed and in the manner provided by this Injunction." Inj. 3 ¶ 14(b). Tracking this agreement, the relief Plaintiff seeks in the Countermotion is enjoining Defendant from publishing, distributing, and using the manuals "to promote, manage, operate, or hold [certain] competitions." Countermot. 24. As such, the Countermotion is premised on the allegation that Defendant "agreed to not use [Plaintiff's] product in a particular way but then did so anyway." *MultiTracks, LLC*, 2022 WL 606721, at *4. And the scope of Defendant's permissible activities "is determined by reference to the [Injunction] itself, not the copyright law." *Recursion Software, Inc. v. Interactive Intel., Inc.*, 425 F. Supp. 2d 756, 766 (N.D. Tex. 2006). Because the relief Plaintiff seeks in the Countermotion involves extra elements, any claims asserted therein are not preempted. And without preemption, there are no federal claims to support removal. This case must be remanded to state court.

### *B. Request for Costs and Expenses*

Pursuant to 28 U.S.C. § 1447(c), Plaintiff and Third-Party Defendant request an award of the costs and expenses, including attorney's fees, they incurred in connection with Defendant's

removal of this case. Mot. 25. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Generally, courts may award costs and expenses under this provision only when the removing party lacked an objectively reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Although the Court holds that removal was improper in this case, the Court is unable to conclude that Defendant lacked an objectively reasonable basis for removal. Accordingly, the Court denies the request for costs and expenses.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff VEX Robotics, Inc., and Third-Party Defendant Innovation First International, Inc.'s Expedited Motion to Remand and Brief in Support [ECF No. 3]. The Court **GRANTS** the Motion as to the request to remand the case and **DENIES** the Motion as to the request for costs and expenses. This case is **REMANDED** to the 354th Judicial District Court of Hunt County, Texas.

**SO ORDERED.**

SIGNED November 2, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**